UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JACK HOWELLS, *et al*,

        Plaintiffs,

v.

GENERAL ELECTRIC COMPANY,

        Defendant.

2:10-cv-00703-LDG -VCF

**O R D E R**

Before the court is defendant General Electric Company's Motion To Preclude Plaintiff From Identifying Expert Witnesses Beyond Deadline Or In The Alternative Motion To Exclude Experts Improperly Identified. (#28). Plaintiffs Jack Howells, *et al* filed an Opposition (#29), and defendant filed a Reply (#30).

The instant action arises from a fire that occurred at plaintiffs Mr. and Mrs. Howells' home on October 31, 2008. (#28). The Howells and their insurer AAA Nevada Fire & Casualty (hereinafter plaintiffs) allege that the fire was caused when a microwave manufactured by defendant General Electric malfunctioned. *Id.* On April 1, 2010, the Howells filed a complaint against Samsung Electronics America, Inc., in the Eighth Judicial District Court, Clark County, Nevada. (#1-2). The action was removed to this court on May 18, 2010, based on diversity of citizenship. (#1). On December 3, 2012, plaintiffs filed an amended complaint adding defendant General Electric as a defendant and AAA Nevada Fire & Casualty as a plaintiff. (#13). On February 22, 2011, the court signed the parties' stipulated discovery plan and scheduling order. (#18). The scheduling order set a discovery deadline of November 7, 2011, expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) due on September 8, 2011, and disclosures of rebuttal experts due on October 10, 2011. *Id*.

On September 8, 2011, defendant General Electric served plaintiff with its designation of expert witnesses. (#28 Exhibit A). Plaintiff did not serve defendant with a designation of expert witnesses or

rebuttal experts.  (#28).

**Motion To Exclude (#28)**

Defendant asserts that it filed the present motion because it "anticipates [p]laintiffs may attempt to elicit expert testimony at the time of trial from witnesses who have not been properly identified as experts." (#28). Defendant asks this court to preclude plaintiffs from identifying expert witnesses beyond the deadline and to preclude testimony from any individual who has not been properly designated as an expert. *Id*

**A.     Relevant Facts**

Less than one month after the subject fire occurred, a "Failure Analysis Report" (hereinafter "Report") dated November 19, 2008, was prepared by Tim Ruskauff and Michael O'Connor of EFI Global for plaintiff AAA Nevada Fire & Casualty. (#28-2 Exhibit B). The Report was provided to defendants prior to the initiation of the litigation and was produced again during discovery. (#28). The Report has not been supplemented since November 2008, although, according to defendants, the authors of the report conducted joint destructive testing on the microwave in October of 2009. *Id.* The first page of the Report contains a description of the incident: the model of the microwave, location of the home, date of the incident, insured's name, etc. (#28-2 Exhibit B). The second page consists of the assignment, the observations of the authors, and a one paragraph analysis. *Id.* On the third page, the authors state their conclusions. *Id.* There are seven pages of photographs attached to the end of the Report. *Id.*

On January 23, 2010, plaintiffs' counsel sent a letter to the original defendant's insurance company, Chubbs Insurance, and attached the Report thereto. (#29 Exhibit 1). As part of plaintiffs' initial discovery, plaintiffs served defendant with additional photographs of the fire damage bate stamped GE0109 through GE0121. (#29 Exhibit 2). Thereafter, defendant noticed the deposition of Michael J. O'Connor for February 6, 2012, at 1:00 p.m. (#29 Exhibit 3). Plaintiffs assert that a complete file of EFI Global was requested and submitted to the defendant prior to the scheduled

2

deposition. (#29). The deposition was vacated on February 1, 2012, and defendants stated in the notice of vacating, that the deposition "may be reset at a later date and time." *Id.* The deposition was never rescheduled. (#29).

**B.     Arguments**

Defendant argues that the plaintiffs have failed to comply with the federal rules and this court's order (#18) by not serving the defendants with an expert designation, "much less one that meets the requirements of Rule 26." (#28). Defendant asserts that the "pre-litigation" Report dated November 2008 (#28-2 Exhibit B), is not an expert report within the meaning of Rule 26, because it does not contain (1) a complete statement of all opinions held by Mr. O'Connor and the basis and reasons for them, (2) a curriculum vitae or qualifications, (3) a list of all prior cases in which Mr. O'Connor has been retained as an expert, or (4) a statement of the compensation to be paid for the study and testimony in the action. *Id.*

The plaintiffs' failure to properly designate an expert or even supplement the Report, defendant asserts, has prejudiced the defendant in such a way that precluding testimony from Mr. O'Connor is warranted. *Id.* Defendant argues that the Report is incomplete, as it only contains conclusory statements "without reference to supporting information" and was not supplemented after the joint examination in 2009. *Id.* Thus, defendant contends, defendant has been prejudiced by "not knowing what [p]laintiffs' theory of liability is." *Id.*

In plaintiffs' opposition, they assert that the defendant was "advised of the [p]laintiffs' witness EFI Global long before the case came to this [c]ourt," that defendant's expert had an "opportunity to see [photographs of the] damage in making its expert report" when plaintiffs provided photographs in their initial discovery (#29 Exhibit 2), that the defendant was "fully aware of the [e]xpert designated by the [p]laintiffs long before the deadline for disclosures," and that the defendant is "not prejudiced in any manner." (#29). The plaintiffs also argue that the defendant cannot allege that it was prejudiced in any way, because defendant's expert admittedly reviewed the Report in preparing his own expert report

(#28-1 Exhibit A).  *Id.*  Plaintiffs concede that they "did not provide all the background indicated in Rule [26]," but assert that they "did provide all of the report available, and the defendant's expert had more than adequate time to rebut the report." *Id.*  Thus, plaintiffs assert, the failure to comply with the rules was "harmless." *Id.*

Plaintiffs also argue that the defendant could have deposed Mr. O'Connor, but instead, decided to vacate the deposition and file the instant motion. *Id.*  With regard to the plaintiffs' expert's qualifications, plaintiff states that "[a] simple search on google produces all of the information on the expert, Michael O'Connor and O'Connor Engineering," that defendant would need. *Id.*  Plaintiffs do not provide the court with any justification for their failure to serve defendant with an expert designation in accordance with Rule 26, but ask this court to deny the motion and permit the Report to be admitted and their expert to testify at the trial on this matter. *Id.*

**C.  Discussion**

Pursuant to Federal Rule of Civil Procedure 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705," and such disclosure "must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  The expert's report must contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them, (ii) the facts or data considered by the witness in forming them, (iii) any exhibits that will be used to summarize or support them, (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years, (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

The disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to provide such disclosures as required under Rule 26(a), "the party

is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Pursuant to the court's scheduling order, expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) were due on September 8, 2011, and disclosures of rebuttal experts were due on October 10, 2011. (#18).  There is no evidence that plaintiffs even attempted to comply with this order.  The Report (#28-2 Exhibit B) that pre-dates the initiation of the litigation (and also the court's scheduling order) and was never supplemented after the October 2009, joint examination does not constitute an expert report within the meaning of Rule 26.  Defendant correctly asserts that the Report does not contain (1) a complete statement of all opinions held by the authors and the basis and reasons for them, (2) a curriculum vitae or qualifications, (3) a list of all prior cases in which the authors have been retained as an expert, or (4) a statement of the compensation to be paid for the study and testimony in the case. (#28-2 Exhibit B).

Plaintiffs do not provide the court with any justification for their failure to comply with the court's scheduling order and the federal rules.  (#29).  In fact, plaintiffs do not argue that their failure was justified in any way, and only assert that defendant was not prejudiced because it knew of the existence of the expert, should have deposed the expert, and could have found the expert's qualifications through a "simple search on google." *Id.*

The court finds that the defendant suffered prejudice as a result of the plaintiffs' failure to timely designate expert witnesses. See *Wong v. Regents of University of California,* 410 F.3d 1052, 1061-1062 (9th Cir. 2005)(holding that "[d]isruption to the schedule of the court and other parties [by late disclosures of expert witnesses] is not harmless," and such late disclosures warrant excluding expert witnesses.).  A party is not required to depose experts in lieu of a proper expert designation and report, and the fact that defendant vacated the deposition of the expert does not excuse plaintiffs from the requirements of Rule 26.  See *Elgas v. Colorado Belle Corp.,* 179 F.R.D. 296 (D. Nev. 1998)("The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that

surprise is eliminated, *unnecessary depositions are avoided*, and costs are reduced.")(emphasis added)(internal citations omitted).

Faced with no showing of "substantial justification," the court finds that the authors of the Report (#28-2 Exhibit B) were not properly designated as experts, the Report is not an expert report pursuant to Fed. R. Civ. P. 26, and plaintiffs are not allowed to use the Report's information to supply evidence on a motion, at a hearing, or at trial. Fed. R. Civ. P. 37(c)(1). With regard to permitting Mr. O'Connor or Mr. Ruskauff to testify at trial, the court finds that the decision is up to the discretion of the District Judge who presides over the trial, and defendant may file a motion in limine with the District Judge to preclude such testimony.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant General Electric Company's Motion To Preclude Plaintiff From Identifying Expert Witnesses Beyond Deadline Or In The Alternative Motion To Exclude Experts Improperly Identified (#28) is GRANTED. Plaintiffs are precluded from identifying Mr. O'Connor or Mr. Ruskauff as experts and from using the Report's information to supply evidence on a motion, at a hearing, or at trial.

DATED this 14th day of March, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

6